UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROY G. SPAULDING,

    Plaintiff,

v.                                    Case No. 5:22-cv-240-TKW-MJF

FDOC SECRETARY, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Roy G. Spaulding, a Florida prisoner proceeding *pro se*, initiated this action on September 20, 2022, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Spaulding claimed that the Florida Department of Corrections and its medical providers failed to provide adequate medical treatment for his sleep apnea.

On December 2, 2022, after delay caused by deficiencies in Spaulding's application for leave to proceed *in forma pauperis*, the undersigned granted Spalding leave to proceed *in forma pauperis*. The undersigned assessed an initial partial filing fee of $40.77, to be paid within thirty days. Doc. 10. The undersigned warned Spaulding that failure to comply with the order likely would result in this case being dismissed. *Id.* at 3.

Initially, Spaulding asserted that he lacked sufficient funds to pay the initial partial filing fee. Doc. 11. But after the undersigned ordered Spaulding on February

1, 2023, to pay the initial partial fee or file an updated account printout, Doc. 12, Spaulding filed a "Notice" that his $40.77 payment was forthcoming. Doc. 13. Spaulding attached to his Notice a copy of a Special Withdrawal request dated February 8, 2023, for the $40.77 initial partial fee. Doc. 13 at 2. No payment was received.

On March 13, 2023, Spaulding filed a document titled, "Motion to Dismiss." Doc. 14. Spaulding sought "dismissal at this time requesting leave to amend, pursuant to Rule 15(a), Fed. R. Civ. P. and refile upon his his [sic] release from prison on October 13, 2024 concerning these exact issues presented in his original complaint." Doc. 14 at 1.

By order dated March 20, 2023, the undersigned advised Spaulding that the dismissal of his complaint would terminate his right to amend under Federal Rule of Civil Procedure 15(a). Doc. 15 at 1 (citing cases). The undersigned further advised Spaulding that the dismissal of his complaint also would constitute a dismissal of this action and, therefore, render a motion for leave to amend inappropriate. *Id*. The undersigned provided Spaulding an opportunity to reconsider his request for dismissal in light of this additional information, and denied his "Motion to Dismiss" without prejudice to his filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). Doc. 15. The undersigned ordered Spaulding to take one of these steps by March 31, 2023:

      a.    file a "Notice of Voluntary Dismissal," under Federal Rule of Civil Procedure 41(a)(1), which will result in the dismissal of this action without prejudice; **OR**

      b.    show cause why this case should not be dismissed *involuntarily* for Plaintiff's failure to comply with this court's orders dated December 2, 2022 and February 1, 2023. *See* Docs. 10, 12. Plaintiff's show cause response must be accompanied by either: (i) the initial partial filing fee of $40.77 or (ii) an updated account printout, in the form of a "Resident Account Summary," for the period December 1, 2022 through March 20, 2023.

Doc. 15 at 2-3.

To date, Plaintiff has not responded to the Order dated March 20, 2023, and no payment has been received.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1.    This case be **DISMISSED** without prejudice for Plaintiff's failure to comply with orders of this court.[1]

2.    The clerk of court be directed to close this case file.

At Panama City, Florida, this 18th day of April, 2023.

                          /s/ *Michael J. Frank*
                          **Michael J. Frank**
                          **United States Magistrate Judge**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**